

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

February 12, 1960

Honorable M. H. Crabb, M.D.          Opinion No. WW-797
Secretary, Texas State Board
   of Medical Examiners             Re:  Whether the "Hotel
Medical Arts Building                    Occupancy Tax" levied by
Port Worth, Texas                        House Bill 11, Acts of
                                         the 56th Legislature,
                                         Third Called Session,
                                         1959, Chapter 1, consti-
                                         tutes a reimbursable ex-
                                         pense under the provisions
                                         of Section 36 of Article
                                         V of House Bill 4, Acts of
                                         the 56th Legislature,
                                         Third Called Session,
                                         1959, Chapter 23, page
                                         442 (General Appropria-
Dear Dr. Crabb:                          tion Act).

          You have requested an opinion on the following ques-
tion:

               "Enclosed are expense accounts of
          seven Board members, which were returned
          to us due to hotel tax being paid.  Please
          advise whether the hotel tax paid by the
          Board members is a reimbursable expense."

          Members of the Texas State Board of Medical Examiners
are reimbursed for their "actual meals, lodging, and incidental
expenses when traveling on official business either in or out
of the State."  House Bill 4, Acts of the 56th Legislature, Third
Called  Session, 1959, Chapter 23, page 442, Article V, Section
36 (General Appropriation Act).

          In discussing the "Hotel Occupancy Tax" levied by House
Bill 11, Acts of the 56th Legislature, Third Called Session,
1959, Chapter 1, it was held in Attorney General's Opinion
WW-721 (1959):

               "Expense reimbursement is part of the
          employment contract with the State.  To

illustrate, an employee compensated on a
per diem basis receives the same amount
for each day's travel regardless of the
price of any hotel room that might have
been rented (and regardless of whether
a hotel room was actually rented) in the
course of such travel. Obviously in this
situation there is no direct connection
between the State and the hotel. Likewise,
in cases where the employee is paid for
actual expenses, reimbursement is made pur-
suant to the employment contract. The State
merely contracts with the employee to re-
imburse him for actual expenses incurred. The
price of occupancy of a hotel room is merely
one of such expenses, as is the hotel occu-
pancy tax. The State does not contract
directly with the hotel, and does not act
through the employee as agent when the em-
ployee rents a hotel room." (Emphasis
added).

It is our opinion that the above holding, that the
"Hotel Occupancy Tax" is one of actual expenses incurred by
an employee of the State, is equally applicable to State of-
ficials.

Likewise, it was held in Attorney General's Opinion
WW-738 (1959):

"The second method of compensating
employees traveling at the expense of
the Bank is by reimbursement of actual
expenses. Here again the Bank does not
contract directly with the hotel. The
employee contracts with the hotel in his
private capacity; the consideration for
occupancy of the hotel space is paid
to the hotel by the employee likewise
in his private capacity. The Federal
Reserve Bank, by virtue of its employ-
ment agreement, contracts with the em-
ployee to reimburse him for actual ex-
penses incurred; the Hotel Occupancy
Tax is one of such expenses. The tax
is an individual liability of the em-
ployee. It is not imposed upon the Bank;
the fact that it is passed to the Bank
does not make it an invalid imposition
on the Bank." (Emphasis added).

In view of the foregoing, it is our opinion that the "Hotel Occupancy Tax" paid by a State official or State employee traveling at State expense is a reimbursable expense within the meaning of the current General Appropriation Act. Therefore, those State officials and State employees who are entitled to reimbursement of actual expenses incurred are authorized to include in their traveling expense account the "Hotel Occupancy Tax" paid by them. Since members of the Texas State Board of Medical Examiners, while traveling on official business, are entitled to reimbursement for actual expenses incurred, you are advised that the expense accounts enclosed with your request correctly included the "Hotel Occupancy Tax" paid by the members of the Texas State Board of Medical Examiners.

### SUMMARY

The "Hotel Occupancy Tax" levied by House Bill 11, Acts of the 56th Legislature, Third Called Session, 1959, Chapter 1, constitutes a reimbursable expense of State officials and State employees entitled to receive reimbursement of actual expenses when incurred while traveling on official business.

Yours very truly,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:mfh:zt

APPROVED:
OPINION COMMITTEE
W.V.Geppert, Chairman
Robert T. Lewis
Virgil Pulliam
Jerry H. Roberts

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore